IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TIMOTHY L. ASHFORD and
TIMOTHY L. ASHFORD, P.C.L.L.O.,

Plaintiffs,

vs.

HON. JEFFREY J. FUNKE, Chief Justice of the Nebraska Supreme Court in his official capacity and his individual capacity, et al.,

Defendants.

4:26-CV-3274

MEMORANDUM AND ORDER

The plaintiffs, Timothy L. Ashford and his eponymous law firm (collectively, Ashford) filed the same complaint at the same time in federal and state court, but the state court case—this case—was removed to this Court. Ashford moves to dismiss it as duplicative. Filing 12.

The Court agrees that the cases—this case and case no. 8:26-cv-356—are duplicative. But the Court disagrees with Ashford about whose fault that is. Ashford has filed a 28-page brief vehemently attacking the defendants for their "frivolous, malicious and fraudulent" removal of a case raising federal constitutional claims to federal court. *See* filing 21-1 at 4. *But see* 28 U.S.C. § 1441(a). He demands that the Court "investigate the [Fed. R. Civ. P.] 11 violations of Defense Counsel." Filing 21-1 at 27.

There's nothing to investigate, because Ashford's arguments are without merit. The defendants didn't file duplicative complaints—Ashford did. Ashford correctly notes that a state court proceeding on the same matter is not a *bar* to federal court jurisdiction. Filing 21-1 at 4 (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)); *see also Spectra*

*Commc'ns Grp., LLC v. City of Cameron, Mo.*, 806 F.3d 1113 (8th Cir. 2015). But *Colorado River* does permit "federal courts to decline to exercise jurisdiction over cases where parallel state court litigation is pending, meaning that there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Spectra*, 806 F.3d at 1121.

Ashford's contention that the defendants somehow committed fraud "because the federal court does not have exclusive jurisdiction" is baseless. Filing 21-1 at 4. The defendants did not claim that federal court has "exclusive" jurisdiction—only "original" jurisdiction, which is plainly true. *See* filing 1 at 3 (citing 28 U.S.C. § 1331). Accordingly, the defendants were entitled to remove the case to federal court pursuant to § 1441(a). Nothing about the state courts' concurrent jurisdiction over those claims undoes the effect of §§ 1331 and 1441(a), which the defendants were entitled to invoke. Ashford's contention that *permitting* concurrent state and federal lawsuits somehow *requires* concurrent state and federal lawsuits is contrary to federal law.

Ashford relies on familiar propositions and caselaw about duplicative litigation in federal courts, *see* filing 21-1, *passim*, but misses an important distinction: The "prudential limitation on the exercise of federal jurisdiction" means "<u>Plaintiffs</u> may not pursue multiple federal suits against the same party involving the same controversy at the same time." *Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 954 (8th Cir. 2001) (emphasis supplied). Obviously, defendants are not plaintiffs. The defendants did not choose to be confronted with identical claims in two different courts. Ashford made that choice, creating the risk that "the federal and state courts could reach conflicting opinions on the same issues, which could cause unwarranted friction between state and federal courts, a result which is obviously undesirable and avoidable in this instance." *Spectra*, 806 F.3d at 1121.

In that situation, the defendants had two ways to avoid defending the same lawsuit in two different places: Ask the federal court to abstain, or remove the state case to federal court. They chose the latter, as was their right. Ashford claims the defendants further "filed an automatic stay with the state court . . . without any authority," filing 21-1 at 15, but the defendants didn't just have authority to do that—they were *required* to give written notice and file a copy of that notice with the state court. 28 U.S.C. § 1446(d).

In sum: Ashford's request to dismiss his complaint is granted. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). His demand for sanctions, costs, and attorney's fees is denied, as he is not a prevailing party, *see* Fed. R. Civ. P. 54(d)(1), and has not alleged facts sufficient to suggest a violation of Rule 11(b).

IT IS ORDERED:

1. The plaintiffs' motion to dismiss (filing 12) is granted and the plaintiffs' complaint is dismissed without prejudice.

2. The defendants' motion to dismiss (filing 5) and plaintiffs' motion for leave to amend (filing 13) are denied as moot.

3. A separate judgment will be entered.

Dated this 30th day of October, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge